IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEIMON CRAYTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1790-SMY |
| | ) |
| PEOPLE OF ILLINOIS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Keimon Crayton was convicted of two counts of aggravated criminal sexual abuse in Rock Island County, Illinois in February 2023. He has a pending habeas action in state court. *People of the State of Illinois v. Keimon Leandrew Crayton*, 21-CF-891 (Rock Island County, Illinois). This case is now before the Court for a preliminary review of the his Petition herein pursuant to Rule 4 of the Rules Governing §2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. *See* 28 U.S.C. §2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999). Ordinarily, this includes raising every issue in the trial court and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. §2254(b); *O'Sullivan*, 526 U.S. at 845; *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). Additionally, under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), absent special circumstances, this

Court should abstain from interjecting itself into pending state judicial proceedings. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Special circumstances are generally limited to issues of double jeopardy and speedy trial, *Braden*, 410 U.S. at 489-92, which are not presented here.

The electronic docket for Rock Island County, Illinois indicates that Crayton has a pending motion for habeas relief.[1] Because the state case is clearly pending, and the Court finds no special circumstances warranting federal interference in that case, Crayton cannot challenge his conviction via a §2254 petition at this time.

## DISPOSITION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice** to the claims being refiled, if necessary, after Petitioner has fully exhausted his claims in the state court. The Clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

Dated:  September 10, 2024

**STACI M. YANDLE**
**United States District Judge**

---

[1] The state court record is publicly available at https://www.judici.com.